Landry v. Gautreau.

HENRY LANDRY *v.* AUGUSTE GAUTREAU.

The act of Congress of the 3rd of March, 1811, providing for the final adjustment of land claims, and for the sale of the public lands in the territories of Orleans and Louisiana, revived by the act of the 11th of May, 1820, and the act of the 15th of June, 1832, authorizing the inhabitants of the state of Louisiana to enter back lands, continued in force by that of the 24th of February, 1835, authorize the purchase of any *vacant* land, in the rear, *not exceeding* the quantity in the front tracts, leaving it to the discretion of the party to purchase any quantity he may desire within the prescribed limits. But when such party has made his election, and purchased the quantity he desired, though less than he was entitled to claim, he cannot afterwards assert his original rights, to the prejudice of innocent third persons, acting in good faith, and claiming under other laws. Nor will it suffice to allege that he acted through error, and purchased less than he was entitled to buy, in consequence of mistaking the number of acres in his front tract. It was his duty to have ascertained the number of acres it contained, and not having done so, within the time prescribed by the acts under which he purchased, his right of pre-emption was lost.

The act of Congress of the 15th of June, 1832, is not a renewal of any previous act. It is an independent provision, in favor of those who had not had the benefit of former laws, and includes an entirely new class of cases not before provided for.

Where an applicant for the purchase of certain public lands, under an act of Congress authorizing the sale of such lands *when vacant,* does not disclose to the Register of Public Lands or to the Receiver of Public Moneys the fact, that they were occupied at the time of his application, the validity of the sale may be inquired into, without any previous proceeding on the part of the United States to annul it. The court is bound to presume that the officers of the government would not have sold the lands, had they known that they were occupied, and to declare the sale a nullity.

THE plaintiff is appellant from a judgment of the District Court of Assumption, *Nicholls*, J., in favor of the defendant.

*Beatty*, for the appellant.

*Ilsley*, for the defendant.

GARLAND, J. The plaintiff being the owner of a tract of land of four *arpens* front, by forty in depth, confirmed to his vendor, Armand Landry, on the bayou Lafourche, on the 22d of February, 1822, purchased from the Register of the Land Office, and the Receiver of Public Moneys at New Orleans, an equal quantity, viz., one hundred and forty seven superficial acres, in the rear of and adjacent to his front tract, under the provisions of an act of Congress, approved the 3d of March, 1811, and revived for two years, by the seventh section of another act, approved May 11th, 1820. 1 Land Laws, 588, 779. These acts authorized the owner of a tract of land fronting on a water-course, under certain restrictions, to become a purchaser, by preference, of any *vacant land* in the rear of and adjoining his front tract, not exceeding forty *arpens* in depth, by the superficial quantity contained in the front tract. When this purchase was made, the plaintiff now alleges, that he supposed his front tract contained only one hundred and forty seven superficial acres, but that he has discovered that, in onsequence of his side lines opening, it contains forty seven acres and six-hundredths more, although his confirmation is only for four *arpens* front by forty deep, equal to one hundred and forty seven acres. At what time the plaintiff discovered the deficiency in the quantity of land he was entitled to purchase, does not appear, but on the 1st of June, 1836, he applied to the officers at the same land office, to become the purchaser of these forty seven acres and six-hundredths of land, under the provisions of another act of Congress, approved June 15th, 1832, entitled, 'an act to authorize the inhabitants of the state of Louisiana to enter back lands,' 8 Laws U. S., 595, which act, by another passed on the 24th of February, 1835, was extended to the 15th of June, 1836. In the application to purchase, the plaintiff bases his claim upon the act of 1832, and not upon those of 1811 and 1820, under which he entered the first tract. The application was granted, and the plaintiff purchased for $58 83 the land in controversy.

In 1832, the defendant commenced working on the land. In 1833,

he settled on it, and remained with his family and that of his brother, until the 15th June, 1836, when for himself and the minor children of his brother, he also applied to the land officers in New Orleans, to purchase a quantity of land, which includes the *locus in quo*, under the pre-emption law of June, 19th, 1834; which application was granted, upon proof of settlement and cultivation being made in conformity to law, and a receipt in due form was given him, under which he now claims the premises.

The plaintiff contends that under the acts of Congress of 1811 and 1820, he was entitled to purchase a quantity of land, equal to his front tract, and that not having done so at the time, he had a right to a preference in purchasing the deficiency, whenever it should be discovered. If not so, he contends that the act of Congress of June 15th, 1832, and the extension of it by the act of February 24th, 1835, revived his right, or granted a new privilege. As to all these acts, it is to be observed that they authorize the purchase of a quantity of *vacant* land in the rear, not *exceeding* the quantity contained in the front tract. This, we think, leaves the party a discretion as to the quantity of vacant land he may enter or purchase, and having once made his election, he cannot afterwards change his mind, and claim his original rights to the prejudice of innocent third persons, acting in good faith, and claiming under other laws. The plaintiff, in the first instance, may have chosen only to enter the quantity he did. He now says, it was an error, as his front tract was not surveyed, and he did not know the superficial quantity he was entitled to purchase. This was not the fault of the officers of the United States, as it was in the power of the plaintiff to have had his front tract surveyed to ascertain the quantity, and to have availed himself of the privilege accorded by law. Not having done so, within the time specified by the acts of Congress of 1811 and 1820, we think that his right of pre-emption under those acts, ceased and became void. It would seem that such were the plaintiff's views also, as it does not appear that he made any effort to purchase the deficient quantity, for more than fourteen years after the date of his first purchase. This is such a long acquiescence in a reputed error, as to require a very strong case to be made out, to induce us to interfere, and evict an innocent purchaser.

Landry *v.* Gautreau.

As to the rights of the plaintiff under the act of 1832, we think they are untenable. Having once availed himself of the privilege granted by the acts of 1811 and 1820, he had no further rights granted to him by subsequent laws. The act of Congress of June 15th, 1832, we do not regard as a revival of any previous act or acts. It is an independent provision, made in favor of those who had not had the benefit of previous laws, and includes an entire new class of cases, not previously provided for. But, if we suppose that it did not, the cause of the plaintiff would not be advanced by it. The act of 1832 contains the same restriction as previous laws, as to the right of preference being upon vacant lands only, and it also provides that the time of delivering the notice of intention to purchase, shall be considered as the date of the purchase and acceptance of the right. It is shown, beyond all doubt, that at the time that the plaintiff made his purchase, the land was not vacant, but had for several years previous been in the possession of the defendant, who had cleared a large portion of it, had erected houses and improvements on it, and had cultivated portions of it in and after the year 1832, all of which facts were known to the plaintiff, and not disclosed by his agent to the public officers when he applied to purchase the land. It is not denied that the defendant was a settler on the place, and entitled to a right of preemption under the act of June 19th, 1834, if this claim had not been interposed. This case approaches so nearly in its main features to that of *Marsh and Miller* v. *Gonsoulin*,, 16 La., 84, that we must come to the same conclusion in relation to it. The plaintiff's counsel contends that the act of the Register and Receiver in selling the land to the plaintiff, has divested the United States of all title, and that it could not afterwards be sold to the defendant. We are bound to presume that the officers of the United States would not have sold the land, had they known it was occupied; and the argument is not to be received with much favor, when it appears that neither the plaintiff, nor his agent, disclosed the fact of the land being occupied at the time of or previous to the sale. If the land had in reality been vacant, some doubt might exist whether some proceeding was not necessary, on the part of the United States to annul the sale ; but as it is certain that the land was not vacant, the officers had no right to sell it, and we have therefore a right to

examine into the validity of the sale, according to the principles laid down in the case of *Wilcox* v. *Jackson*, 13 Peters, 498, and in repeated decisions of this court.

Being satisfied that the Register and Receiver sold land which they had no legal authority to sell, we cannot do otherwise than declare the sale to the plaintiff a nullity.

The defendant having shown that he has purchased the same land under the pre-emption law, we are of opinion that there is no error in the verdict and judgment of the inferior court.

*Judgment affirmed.*